UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| **ROY BEBOUT,** | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | No. 3:05cv0655 AS |
| | ) | |
| **EDWIN BUSS,** | ) | |
| | ) | |
| Respondent | ) | |

*MEMORANDUM, OPINION AND ORDER*

On or about October 17, 2005, this pro se petitioner, Roy Bebout, incarcerated in the Miami Correctional Facility in Bunker Hill, Indiana (MCF), filed the within petition seeking relief under 28 U.S.C. §2254. The response filed by the Attorney General of Indiana on March 17, 2006, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982).

The petitioner is serving a 45-year sentence from Vanderburgh County, Indiana for convictions on one count of felony kidnaping, one count of felony criminal deviate conduct, and one count of felony rape.

It is necessary to carefully examine the published opinion of the Court of Appeals of Indiana in *Bebout v. State,* 714 N.E. 2d 1152 (Ind. App. 1999). Later, there is an unpublished memorandum decision of the Court of Appeals of Indiana entered on February 25, 2005. Said decision is marked as Appendix "A", attached hereto and incorporated herein.

It was authored by Judge Sharpnack and concurred in by Judges Baker and Friedlander. As these two opinions indicate, the facts asserted by the Court of Appeals of Indiana are entitled to a presumption of correctness under 28 U.S.C. §2254(e)(1), and this petitioner has the burden of rebutting that presumption by clear and convincing evidence which he has failed to do. He was convicted by a jury in a trial held in Evansville, Indiana. In fact, he declared judicial warfare on his attorney who represented him, but the very experienced judges on the Court of Appeals of Indiana simply did not buy that, and the Supreme Court of Indiana denied transfer on September 14, 2005.

This court is familiar with *Pennsylvania v. Finley,* 481 U.S. 551 (1987), which would undermine much of what this petitioner is saying about his state post-conviction proceedings. Certainly he cannot assert ineffective assistance of counsel in the post-conviction proceedings, and it appears that effort is being made here. This court cannot escape the fact that a panel of three judges on the Court of Appeals of Indiana with extensive experience in real-world litigation literally gave short shrift to his claims about his lawyer. The Court of Appeals of Indiana did not think there had been a violation of the Sixth Amendment right to counsel, as enunciated in *Strickland v. Washington*, 466 U.S. 668 (1984), and neither does this court conceive that there has been a violation of the teaching of *Strickland*. *But see also Williams v. Taylor*, 529 U.S. 362 (2000). Also, *see Bell v. Cone*, 543 U.S. 447 (2005), *reversing Cone v. Bell*, 359 F.3d 785 (6th Cir. 2004).

This court is quite familiar with *Bounds v. Smith*, 430 U.S. 817 (1977), and with all

due deference, this petitioner has had an abundance of access to the courts of the State of Indiana and to this court.  That part of the Constitution has certainly been followed.  This court is mandated to greatly indulge *pro se* plaintiffs.  *See Haines v. Kerner*, 404 U.S. 519 (1972).  *But see McNeil v. United States*, 508 U.S. 106 (1993).  A conscientious attempt has been made to comply with *Haines* and its progeny here.

When it is all said and done, focusing on violations of the Constitution, statutes and treaties under *Bell v. Duckworth*, 861 F.2d 169 (7th Cir. 1988), *cert. denied*, 489 U.S. 1088 (1989), the petitioner has presented no basis here for relief under 28 U.S.C. §2254.  Such relief is now **DENIED.  IT IS SO ORDERED**.

**DATED:** November 3, 2006

       /S/ ALLEN SHARP
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**